UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANNEL E. ALLEN,

                    Plaintiff,                    Civil Action No. 23-10248

v.                                     Nancy G. Edmunds
                                     United States District Judge

MICHIGAN FIRST FOUNDATION,      David R. Grand
INC, *et al.*                             United States Magistrate Judge

                    Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY AS MOOT DEFENDANT'S MOTION TO DIMISS (ECF No. 10)

*Pro se* plaintiff Channel E. Allen ("Allen") brings suit against defendants Michigan First Foundation, Inc., Michigan First Mortgage, LLC, and Michigan First Cuso No. 1, LLC (collectively, "Defendants"), alleging that they offered her an "unaffordable mortgage" to prevent her from purchasing a home in West Bloomfield, Michigan, because of her race, in violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* (ECF No. 7).[1]

On February 23, 2023, the only defendant that has been served – Michigan First Foundation, Inc. (the "Foundation") – filed a motion to dismiss, arguing that Allen's complaint "never identified any actions or omissions of the Foundation," and that Allen "seems to have mistakenly identified the Foundation as a defendant in this action." (ECF No. 10; ECF No. 10-1, PageID.38). Allen filed a response (ECF No. 15), in which she

---

[1] The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 5).

provided e-mail exchanges with the loan officer identified in her complaint, Zarine Torrey (*see, e.g.*, ECF No. 15-2, PageID.55).  Relevant here, Torrey's e-mail signature indicates that she works for "Michigan First Mortgage, [a] division of Michigan First Credit Union," and is accompanied by a picture of the brand label for the entity "Michigan First Credit Union" ("MFCU") (*Id.*).

After full briefing, the Court held a Zoom hearing on the motion on April 20, 2023. The Court asked Ms. Allen why, when her complaint alleges wrongdoing by "MFCU" – Michigan First Credit Union – did she instead name the Defendants?  Allen explained that she did so because she was unable to find MFCU on Michigan's Licensing and Regulatory Affairs ("LARA") "corporations lookup" website, and therefore assumed no such entity existed.  She thus named the Defendants because of their similar names and because LARA showed their addresses at the bank branch in question.

At the hearing, the Foundation's counsel explained that MFCU did not appear on the LARA website because credit unions are instead listed in Michigan's Department of Insurance and Financial Services ("DIFS") website.  The Court then used the Zoom screenshare function to navigate step-by-step both the state's LARA and DIFS websites, which confirmed that MFCU is a licensed credit union and the proper defendant in this action, and that the Defendants are entities unrelated to the claims alleged in Allen's complaint.

As such, both Allen and the Foundation agreed that MFCU should be substituted as the proper defendant in place of the presently-named Defendants – the Foundation, Michigan First Mortgage, LLC, and Michigan First Cuso No.1, LLC.  The Foundation's

counsel also represented that he would accept service and file an appearance on behalf of

MFCU, and that MFCU would answer or otherwise respond to Allen's amended complaint

**within 21 days**.

Accordingly, **IT IS RECOMMENDED** that the Foundation's motion to dismiss

**(ECF No. 10)** be **DENIED AS MOOT**.  The Court will issue a separate order substituting

Michigan First Credit Union as the defendant in place of Defendants Michigan First

Foundation, Inc., Michigan First Mortgage, LLC, and Michigan First Cuso No. 1, LLC.


Dated: April 21, 2023                                    s/David R. Grand
Ann Arbor, Michigan                                  DAVID R. GRAND
                                                           United States Magistrate Judge


**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation,

any party may serve and file specific written objections to the proposed findings and

recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D.

Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further

right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431

F.3d 976, 984 (6th Cir. 2005).   Only specific objections to this Report and

Recommendation will be preserved for the Court's appellate review; raising some

objections but not others will not preserve all objections a party may have.  *See Smith v.

Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also

Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections

must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).  A party may

respond to another party's objections within 14 days after being served with a copy.  *See*

Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and

should address specifically, and in the same order raised, each issue presented in the

objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
