UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHANNEL E. ALLEN,

            Plaintiff,

v.

MICHIGAN FIRST CREDIT UNION,

            Defendant.
_____/

Civil Action No. 23-10248

Nancy G. Edmunds
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 28)

### Background

In this case, *pro se* plaintiff Channel Allen ("Allen") alleges that defendant Michigan First Credit Union ("MFCU") violated her rights under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* ("FHA"), when it offered her an "unaffordable mortgage to prevent [her] from purchasing the home of [her] choice . . . because of [her] race." (ECF No. 7, PageID.23, 27). In short, Allen alleges that MFCU had offered her a loan with particular terms, but that once its "processing department" learned of her race, it changed the offered terms to ones that were less attractive – and which Allen apparently could not afford – and then denied her loan application.

Although discovery is not set to close until October 20, 2023, on June 15, 2023, Allen filed a motion for summary judgment, arguing that MFCU violated her rights under both the FHA and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA")

(ECF No. 28).[1]  MFCU filed a response.  (ECF No. 32).  Because Allen's motion for summary judgment is premature and lacking in merit, it should be denied.

**Applicable Legal Standards**

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011).  A fact is material if it might affect the outcome of the case under governing law.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party.  *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009).  "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'"  *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).  In response to a properly-supported summary judgment

---

[1] Pursuant to 28 U.S.C. § 636(b), this case has been referred to the undersigned for all pretrial matters.  (ECF No. 5).

2

motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed, "'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id.* (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

A moving party with the burden of persuasion who seeks summary judgment – here, Allen – faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). The evidentiary showing must be so strong as to convince the Court that "no reasonable trier of fact could find other than for [the moving party]." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The party with the burden of proof "must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. "Accordingly, summary judgment in favor of the party with the burden of persuasion 'is inappropriate when the evidence is susceptible to different interpretations or inferences by the trier of fact.'" *Green v. Tudor*, 685 F. Supp. 2d 678, 685 (W.D. Mich. 2010) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999)).

**Analysis**

Allen argues that in its answer to her complaint, MFCU asserted that her mortgage loan application "was denied because [she] did not meet the government eligibility criteria due to [her] outstanding student loans, which caused [her] [debt-to-income] to be too high to obtain an FHA loan." (ECF No. 28, PageID.149). Allen argues that under the ECOA, MFCU was required to "provide an explanation" to her within 60 days of the denial, and that whatever correspondence MFCU sent Allen during the salient window of time did not specify this reason for the denial. (*Id.*). Thus, Allen asserts that "there is no longer any dispute left in the facts" that by failing to provide the proper denial explanation, MFCU violated her rights under the FHA and the ECOA. (*Id.*, PageID.149, 151).

There are multiple problems with Allen's summary judgment motion. First, Allen's complaint alleges only a violation of the FHA. (ECF No. 7). Indeed, it makes no reference to the ECOA. (*Id.*). Allen may not amend her complaint to add an ECOA claim by referencing it in a motion for summary judgment. See *Jocham v. Tuscola County,* 239 F.Supp.2d 714, 732 (E.D. Mich. 2003). Accordingly, Allen is not entitled a judgment in her favor on such claim.

Second, Allen's motion is premature, as discovery is ongoing and additional discovery is needed to evaluate the parties' claims and defenses. Most fundamentally, MFCU attached to its response brief a "Statement of Credit Denial, Termination, or Change," which it purportedly issued to Allen during the above-referenced 60-day window following its denial of her loan application, and which indicates that her loan application was denied due in part to her "[e]xcessive obligations." (ECF No. 32, PageID.405-07).

4

While Allen does not seem to dispute that she timely received this communication, on its face, the communication is somewhat vague about the reasons for the denial, and it contains different loan terms than the original ones Allen contends had been offered to her. (*Id.*). MFCU's representative, Deborah Howard, addressed those issues in her affidavit (*id.*, PageID.411-12), but Allen should have an opportunity to investigate them further before the Court adjudicates her claim. Indeed, after Allen filed her summary judgment motion, she filed a document entitled "Motion to Compel Disclosure" in which she challenges certain factual averments in Howard's affidavit. (ECF Nos. 33, 33-1).[2]

Finally, Allen's motion for summary judgment is lacking in merit as to her FHA claim. Her claim is that MFCU altered her loan terms to make them unaffordable, and that it did so based on her race. Under Section 3605[3] of the FHA, "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin." 42 U.S.C. § 3605(a). Where

---

[2] Despite the motion's title, Allen does not specifically identify the information, if any, she is asking the Court to compel MFCU to produce. MFCU's response to the "motion to compel" (ECF No. 34) focuses on Allen's claim that MFCU had not listed a particular employee on its initial disclosures, but it has since supplemented its disclosures to include that information. (*Id.*). Again, the real significance of Allen's "motion to compel" appears to be her challenge to certain factual representations in Howard's affidavit. The Court will schedule a hearing on that motion, and to discuss the discovery process, in general.

[3] In her complaint, Allen references Section 3604 of the FHA, but that section applies to "discrimination in the sale or rental of housing," whereas Section 3605 applies to "discrimination in residential real estate-related transactions," the latter clearly being the section Allen contends MFCU violated.

5

the plaintiff has no direct evidence of race-based discrimination, "[t]he burden-shifting standard the Supreme Court adopted in *McDonnell Douglas Corporation v. Green,* 411 U.S. 792 [] (1973), applies to claims under this section." *Adams v. U.S. Bank*, No. 10-10567, 2010 WL 2670702, at *2 (E.D. Mich. July 1, 2010). The first step in the analysis is determining whether Allen has shown a *prima facie* case of discrimination, which requires her to show either direct evidence of discrimination or that: "(1) [she was] a member of a protected class; (2) [she] attempted to engage in a 'real estate-related transaction' with [the defendant], and met all relevant qualifications for doing so; (3) [the defendant] refused to transact business with [her] despite [her] qualifications; and (4) the defendant [ ] continued to engage in that type of transaction with other parties with similar qualifications." *Ray v. U.S. Bank Nat. Ass'n*, 627 F. App'x 452, 457 (6th Cir. 2015) (citations omitted).

Here, Allen has not presented direct *evidence* of racial discrimination; while she *alleges* that her loan terms were changed only after her race became known to MFCU's "processing department," she has not presented *evidence* that establishes the factual premises of that allegation. In other words, she has not factually established *when* MFCU first learned of her race. Facts also need to be fleshed out as to the *prima facie* elements of her claim, including how, when, and why (or, from MFCU's perspective, whether) her loan terms changed, and why her loan application was denied.[4]

---

[4] MFCU argues in its summary judgment response brief that Allen cannot meet the required showings, and that it is entitled to an award of summary judgment in its favor. (ECF No. 32). At this stage of the case, however, the Court finds that discovery should proceed to completion. As noted above, numerous facts need to be fleshed out about the events surrounding Allen's full loan

In sum, although Allen was the one who filed a motion for summary judgment, that motion is premature and does not satisfy the lofty burden placed on her as the plaintiff in this case. *Arnett*, 281 F.3d at 561. Accordingly, Allen's summary judgment motion should be denied.

**Conclusion**

For the reasons stated above, Allen's motion for summary judgment **(ECF No. 28)** should be **DENIED**.

Dated: July 21, 2023            s/David R. Grand
Ann Arbor, Michigan           DAVID R. GRAND
                                           United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931

---

application process. If, after the close of discovery, MFCU believes it is entitled to summary judgment, it may file its own summary judgment motion at that time.

F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 21, 2023.

> s/Eddrey O. Butts
> EDDREY O. BUTTS
> Case Manager